IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICKEY BROOKS**                                                                                          **PETITIONER**
ADC #108335

v.                     CASE NO.: 5:11CV00113-SWW-BD

**RAY HOBBS, Director,**
Arkansas Department of Correction                                                  **RESPONDENT**

RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Either party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the Recommended Disposition. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

For the reasons that follow, the Court recommends that the District Judge dismiss Rickey Brooks's Petition for Writ of Habeas Corpus (#2) without prejudice, under Rule 4 of the Rules Governing Section 2254 Cases, as an unauthorized second or successive petition.

## II.     Background

On June 29, 1993, a jury convicted Mr. Brooks of second degree murder, two counts of residential burglary, and two misdemeanor offenses. The court sentenced him to consecutive sentences of twenty years and ten years in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the convictions on direct appeal on November 15, 1995, and issued a mandate on December 4, 1995. *Brooks v. State*, No. CR 97-929, 1997 WL 732398, *1 (Nov. 20, 1997).

Mr. Brooks filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37 with the trial court on February 5, 1996. Following a hearing, the circuit court found Mr. Brooks's claims had no merit and denied the petition on March 4, 1997. Mr. Brooks appealed the circuit court's decision, but on November 20, 1997, the Arkansas Supreme Court dismissed the appeal because it found Mr. Brooks had not filed a timely post-conviction motion. *Id*.

On March 25, 1998, Mr. Brooks filed a petition for writ of habeas corpus with this Court under 28 U.S.C. § 2254, raising several grounds for relief. *Brooks v. Norris*, Case No. 5:98cv00162 (E.D. Ark. Aug. 30, 1999). The respondent answered and contended

Mr. Brooks's claims were barred by the applicable statute of limitations. *Id*. On August 30, 1999, the Court adopted revised findings and recommendations and dismissed Mr. Brooks's petition with prejudice because it was barred by the statute of limitations, and he had not established grounds for equitable tolling. *Id*.

On November 9, 1999, the Court granted Mr. Brooks's motion for a certificate of appealability. *Id*. Mr. Brooks appealed to the Eighth Circuit Court of Appeals, challenging the Court's order dismissing his habeas case, and on July 18, 2000, the Eighth Circuit entered a *per curiam* order affirming the District Court. *Brooks v. Norris*, 221 F.3d 1341, 2000 WL 979173, at *1 (8th Cir. July 18, 2000)(unpublished table decision), *cert. denied* 531 U.S. 1072, 121 S.Ct. 763 (2001).

On March 30, 2006, Mr. Brooks filed a second petition for writ of habeas corpus with this Court. *Brooks v. Norris*, Case No. 5:06cv00074 (E.D. Ark. filed March 30, 2006). On April 6, 2006, the Court entered an order dismissing Mr. Brooks's petition, because it found he had not received authorization from the Eighth Circuit Court of Appeals to file a second or successive petition as set forth in 28 U.S.C. § 2244(b). *Id*.

On June 20, 2006, Mr. Brooks filed a petition for permission to file a successive habeas petition with the Eighth Circuit Court of Appeals. *Brooks v. Norris*, No. 06-2595 (8th Cir. 2006). On November 24, 2006, the Court denied Mr. Brooks's request to file a successive petition. *Id*.

On April 19, 2011, Mr. Brooks filed a second petition for permission to file a successive habeas petition with the Eighth Circuit Court of Appeals. *Brooks v. Hobbs*, No. 11-1854 (8th Cir. filed April 19, 2011). The petition is still pending.

Mr. Brooks filed his current petition for writ of habeas corpus (#2) with this Court on May 6, 2011.

### III. Second or Successive Petition

Title 28 U.S.C. § 2244(b)(1) requires dismissal of any § 2254 claims that were presented in a prior habeas petition. A petitioner attempting to bring a "second or successive" federal habeas petition challenging a state-court conviction must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The district court is without jurisdiction to consider a successive petition until authorized by the court of appeals. *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 796 (2007).

Mr. Brooks's current petition challenges the same convictions and judgment as his prior petition. He has petitioned the Eighth Circuit Court of Appeals to bring a successive petition, but the Court has not ruled on the petition. Because Mr. Brooks's current petition requires prior authorization by the Eighth Circuit Court of Appeals under § 2244(b), this Court is without jurisdiction to consider the claims until the Eighth Circuit grants Mr. Brooks leave to proceed. See *Burton v. Stewart*, 549 U.S. at 153 (concluding a habeas application filed after a previously adjudicated application was a second or

successive application, which had not been authorized by the appropriate court of appeals, and thus the district court lacked jurisdiction to entertain it).

IV.   **Conclusion**

The Court recommends that the District Judge dismiss petitioner Rickey Brooks's petition for writ of habeas corpus without prejudice for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases.

IT IS SO ORDERED, this 12th day of May, 201.

_____
UNITED STATES MAGISTRATE JUDGE